52 219
67 372

EDWARD F. COLE *vs.* CHARLES E. EGAN.

The act of 1879 (Session Laws 1879, ch. 81), amended by the act of 1880, (Session Laws 1880, ch. 53), provides that an insolvent debtor may be cited before the probate court and examined under oath as to his property. The statute then proceeds as follows :—"And the court may in like manner require the attendance of any other person as a witness, and may commit such witness for contempt in case he shall refuse to testify. If such debtor shall refuse to appear and submit to an examination when required so to do as above provided, the court may commit him to prison for not longer than five days." Held that a per-

son summoned as a witness and refusing to testify cannot be committed to prison for any longer term than that provided in like case for the debtor himself.

[Argued June 4th—decided July 22d, 1884.]

HABEAS CORPUS, in the Superior Court. Reserved on a demurrer to the defendant's return, for the advice of this court. The case is fully stated in the opinion.

*H. B. Munson* and *T. E. Doolittle*, for the plaintiff.

*J. O'Neil* and *G. E. Terry*, for the defendant.

PARK, C. J. This is a writ of habeas corpus, issued by the Superior Court in New Haven County, setting forth that the plaintiff is confined and held in imprisonment, without law or right, by the defendant, a deputy sheriff of that county.

The return of the defendant recites certain proceedings by which the Farmers' & Mechanics' Association of Waterbury was put into insolvency, and one Martin Meyers was appointed trustee of its estate, and avers that the trustee applied to the association and its officers for information, among other things, with regard to a certain note delivered by the association as security in 1880 for a loan of $3,000; also as to a certain order drawn on the treasurer of the association by the secretary about the 18th day of December, 1880, for the purpose of paying the loan; also as to the meetings of the association which had been called or held, for the purpose of paying the indebtedness of $3,000; but that the association and its officers would give him no information on the subject; that the trustee then applied to the court of probate for the district of Waterbury, stating these facts, and further stating that the association and its officers, and sundry other persons, and among them the plaintiff, possessed knowledge on the subject, and praying the court to issue an order, citing each of the parties named, and among them the plaintiff, to appear before the court, and submit to an examination touching the matters

set forth in the application of the trustee; that the court made such order, and cited the parties named, and among them the plaintiff, to appear before the court on the 10th day of March, 1884; that the hearing was adjourned to the 8th day of April, 1884, when the plaintiff appeared before the court, and in answer to inquiries put to him, said that he was the attorney of the association and of certain individual members thereof; that he received the sum of $3,000 from John J. Jacques about the 18th of December, 1880; that he paid a certain note given by the association to one Dr. Shaw of Woodbury, but that he did not have the note in his possession or under his control, and did not have the slightest idea where it was; that on being further asked, "To whom did you deliver the note?" the plaintiff replied, "I decline to tell, on the ground that what took place between myself and my clients is privileged in character, and that all that took place in relation to that note was solely between myself and my clients; I can not tell without betraying their secrets. No party other than my clients had anything to do with the note to my knowledge;" that thereupon the trustee of the association stated that he desired that the disclosure be made; that the court ordered the plaintiff to answer the question, but he refused to do so; that the court thereupon adjudged that the plaintiff was in contempt of the court, and that he be committed to the New Haven county jail, there to remain until he should be ready and willing to answer the question, and until he should pay the cost made in executing the order and warrant; that thereupon the court issued a mittimus reciting all the facts herein stated, and directed to the sheriff of the county, his deputy or to either of the constables of the town of Waterbury, commanding them to take the body of the plaintiff to the New Haven county jail, and deliver him to the keeper thereof, and commanding the keeper to receive the body of the plaintiff into his custody within the jail, there to remain at his own expense until he should be ready and willing to answer the question propounded to him as aforesaid, and until he should pay the costs made in

executing the order and warrant for his commitment, and until the order and decree should be fully complied with.

The plaintiff demurred to the return of the defendant, setting forth many special grounds of demurrer; and the court reserved the case for the advice of this court.

One of the causes of demurrer is stated as follows:— "There is no allegation in the return that the plaintiff was committed to jail for the space of five days; but on the contrary the allegation is that he was committed to the jail, there to remain at his own expense until he should be ready to answer the question propounded to him, and until he should pay the costs made in executing the order and warrant for his commitment, and until the order, judgment and decree should be fully complied with."

It is said that the court exceeded its authority in passing the judgment which it rendered for contempt, and had no warrant of law for so doing.

The statute on which the judgment of the court is based, may be found in the statutes of 1879, chapter 81, which was amended by the statute of 1880, chapter 53, and as amended reads as follows: "And the court may, in like manner, require the attendance of any other person as a witness. And if such person shall fail to attend, on being summoned thereto, the court may compel his attendance by warrant directed to any proper officer, commanding him to arrest such person and bring him forthwith before the court for examination as such witness, and may commit such witness for contempt of court in case he shall refuse to testify. If such debtor shall refuse to appear and submit to an examination when required so to do as above provided [the statute having previously provided in the same section for his-examination] the court may commit him to prison for no longer than five days."

Here in the same section of the statute we have a provision for the citation and examination of the insolvent debtor, and of any other person, upon all matters concerning the insolvent estate; and if either or all shall refuse to testify when required so to do, they may be adjudged

equally guilty of contempt, and the insolvent debtor may be imprisoned not exceeding five days.

Is it possible that the statute, by its silence on the subject, intended to punish a simple witness with far greater severity for refusing to testify, when required so to do, than the insolvent debtor, who must be presumed to know all about his affairs? This would leave the imprisonment of the less important witness unlimited in duration, and that of the more important debtor not exceeding five days.

It will be observed that this statute makes a provision for a particular examination on a particular subject, and provides a particular punishment for a violation of its provisions. The statute is by itself, and no other has any connection with it, and we think the statute alone must govern the case and must be held to limit the punishment of all violations of its provisions to an imprisonment not exceeding five days.

It follows, therefore, that the judgment of the court of probate in this case is without authority of law, and consequently that the plaintiff should be discharged from further imprisonment.

The view we have taken of this question renders it unnecessary to consider the other questions raised by the demurrer.

We advise the Superior Court that the return of the defendant is insufficient.

In this opinion the other judges concurred.