## GERALD H. BEARD'S APPEAL FROM COUNTY COMMISSIONERS.

Third Judicial District, New Haven, June Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN, and HAMERSLEY, Js.

Under chapter 175 of the Public Acts of 1893, any resident taxpayer of a town who feels aggrived by the decision of the county commissioners in granting a license for the sale of liquors therein, has the right of appeal to the Superior Court.

Neither in his motion for an appeal, nor in the reasons of appeal filed in the Superior Court, is such appellant bound to show any grievance or interest in the matter peculiar to himself.

A judgment of the Superior Court in an appeal of this nature is as much open to review by this court for error in law, as a judgment in any other proceeding.

Sections 1130 and 1131 of the General Statutes provide that notice of an appeal shall be filed within one week, and the appeal itself within ten days, after the rendition of the judgment; but that the judge may, for due cause shown, extend the time. *Held* that the judge, after the expiration of the one week, had the power to extend the time for filing the notice of appeal.

A written motion to restore to the docket, a cause which had been erased by order of court, is in the nature of a petition for a rehearing and, when entertained by the court, operates of itself to defer, until it is finally disposed of, the time for appealing from the order of erasure.

[Argued June 7th—decided July 9th, 1894.]

APPEAL from the decision of the County Commissioners for Fairfield County, granting a license to John H. and William McNamara to sell spirituous and intoxicating liquors in the town of Norwalk ; taken to the Superior Court in said county and erased from the docket by the court, *Thayer, J.,* upon motion of the appellees. Thereupon the appellant filed a motion to restore the cause to the docket which was denied, and the appellant appealed for alleged errors of the court in erasing the cause and in refusing to restore it to the docket. *Error and judgment reversed.*

In this court the appellees filed a plea in abatement. *Overruled.*

The appellant described himself in his appeal as " of said

Norwalk" and "a taxpayer of said town," and alleged that he was aggrieved by the decision of the commissioners.

In the Superior Court he filed reasons of appeal, to the effect that the place for sales at which the license was granted was within two hundred feet of a church edifice, and in a part of the city devoted largely to private residences, churches and public schools, and that to keep a liquor saloon there would injure the property in that locality.

On motion of the appellees, the cause was erased from the docket for want of any sufficient allegation in the appeal, or in the reasons of appeal, that the appellant had suffered or could suffer any injury, cognizable by law, by which he could claim to be "aggrieved" by the decision of the commissioners. Six days after this order was made, the appellant filed a written motion for the restoration of the cause upon the docket, stating therein, among other things, that he was the pastor and teacher of the Congregational church mentioned in his reasons of appeal, and one of its financial supporters, and that to have a saloon so near it would injure the value of the church property, and annoy those using the building for the purposes for which it had been erected. Two days later, this motion was heard and denied, and at the same time the following order was entered by the court:

"Time extended one week for filing notice of appeal from the order granting motion to erase appeal from the docket."

On the following day, the appellant filed a notice of appeal to this court "from the judgments of the court in said action," and four days later an appeal was filed, conformably to the notice. No other notice of appeal was ever filed. The appellees filed a plea in abatement in this court, on the following grounds:—

1. There is no right of appeal to this court from the action of the Superior Court in appeals from decisions of county commissioners, as to granting licenses for selling liquor.

2. No notice of appeal was given within one week from the entry of the order to erase the cause from the docket, nor any extension of time granted within said week.

3. This appeal was not filed within ten days from the date

of the judgment erasing the cause from the docket, although no finding of facts by the court was required.

4. The appeal professes to embrace two judgments, one of which—that of refusal to restore the cause to the docket—was in the nature of the denial of a motion for a new trial, and was not a proper subject of appeal.

The appellant denied all the allegations of this plea except that which set up that the appeal was taken from the judgment refusing to restore the cause to the docket, as well as from the order for its erasure.

By order of the court, the plea in abatement and the appeal were argued together.

*Russell Frost* and *John H. Light*, for the appellant.

I. The record shows that the Superior Court had jurisdiction of the appellant; of the appellees, by service of the appeal and by their appearance; of the subject-matter of the appeal, by statute; and full power and jurisdiction to render the final judgment sought for by the appellant. That being true, the cause could not be legally erased from the docket. *Bishop* v. *Vose*, 27 Conn., 7; *Wickwire* v. *The State*, 19 Conn., 484; *Saunders* v. *Denison*, 20 Conn., 525; *Smith* v. *The State*, 19 Conn., 497; *State* v. *Prichard*, 35 Conn. 325; *Woodruff* v. *Bacon*, 34 Conn., 182; *Deming's Appeal from Probate*, 34 Conn., 201; *James* v. *Morgan*, 36 Conn., 351.

But these appeals from county commissioners should not be judged by the high standard of appeals from probate. In the latter the appellant must have an actual property interest in the estate, and as heirs at law, next of kin, devisee, legatee, or creditor, be entitled to some part of it, and must be aggrieved with reference to that property right before he can appeal. In appeals such as the one at bar, the appellant has no property right in the subject-matter of the appeal, viz: whether a certain place or a certain person is suitable to be licensed to sell intoxicating liquors. His grievance cannot be presumed to be a pecuniary one, and he should not be held to formalities and technicalities. Proceedings before county commissioners in these cases are

necessarily informal, and so long as sufficient is done to fairly get the question of suitability. of place or of person before the Superior Court, nothing more is to be required.

II. This appeal is sufficient. Not only is it not void; it is not even defective. The only question to be determined by the trial of the appeal on its merits is whether a certain place is suitable for the sale of intoxicating liquors. The county commissioners decided that it was suitable. The statute says that any taxpayer of the town who is aggrieved may appeal from that decision. Appellant went before them and alleged that he was a taxpayer of the town and was aggrieved. The county commissioners made a record that he appeared before them and, by his motion in writing, alleged that he was a taxpayer of the town and was aggrieved, and upon his giving the required bond, they allowed his appeal. This is a police regulation and not to be crushed and smothered by technicalities. The appellant made every allegation required by the statute, and in the precise words of the statute. The particulars of his grievance, the nature of it, the extent and character of it, are no part of the allegations of his motion for appeal. They are the subject of subsequent pleadings, if indeed any pleadings are required at all in such an informal proceeding under the police power of the State. *Saunders* v. *Denison*, 20 Conn., 520; *Dickerson's Appeal from Probate*, 55 Conn., 223; *Deming's Appeal, supra*; *Swan* v. *Wheeler*, 4 Day, 137.

*Norton's Appeal*, 46 Conn., 527, and *Campbell's Appeal*, 64 Conn., 277, do not conflict with our position. If an appellant does set forth all the grounds of his interest in his appeal and the averments show that he has no interest and cannot be aggrieved, the cause may properly be erased; but that is not this case.

III. The appellees should have filed a plea in abatement in the Superior Court and not relied on a motion to erase. The appellant alleged that he was aggrieved. If he was not aggrieved he had no capacity to take the appeal, and could give the court no jurisdiction of the cause. The appellees should have alleged that the appellant was not

aggrieved and this would have presented an issue prelim-
inary in its nature.   A motion to erase is based wholly upon
the record, and relates to defects thereon, which make the
proceedings void and prevent the court taking further ac-
tion.   Sometimes it is made orally.   It cannot be replied to,
and no issue can be raised on it, except whether it appears
from the record that the case and the parties should be put
out of court, for a fault, so vital, that it cannot be cured by
amendment, and the party can do nothing further to enable
the court to retain him or his cause before it.   *Orcutt's Ap-
peal*, 61 Conn., 381; *Bishop* v. *Vose, supra; State* v. *Prichard,
supra; James* v. *Morgan, supra.*

IV. If the proper remedy for the appellees was by a plea
in abatement in the Superior Court, they waived their right
to such a plea by first demurring to the reasons of the ap-
peal.   In *Prosser* v. *Chapman*, 39 Conn., 521, the court
says: "A plea to the action is a tacit admission that the
mode in which the plaintiff's remedy is pursued is correct."
In *Fowler* v. *Bishop*, 32 Conn., 199, in a suit brought to a
City Court, defendant went to trial upon a general denial
merely.   He was held to thereby admit that he resided with-
in the city.   In *Ives* v. *Finch*, 22 Conn., 101, a year after
the return of an appeal, a motion to erase was granted be-
cause the bond was without surety.   That was held error,
because the proper course was a plea in abatement, which
should have been filed in time.

In *Deming's Appeal, supra*, the court says: "A defect
in the record of such a character that the Superior Court
would have dismissed the case upon a proper plea filed for
the purpose, would not necessarily be sufficient to quash the
proceeding in this stage of the case.   The time has elapsed
for the appellee to take advantage of any defects upon the
record of less importance than those sufficient to render the
proceeding void."

In *Trinity Church* v. *Hall*, 22 Conn., 124, the appellees
answered to the reasons of appeal and averred that the ap-
pellants had not any interest in the estate, and therefore no
right to prosecute the appeal; the court held that that was

in the nature of a plea in abatement denying the capacity of the appellants to take and prosecute the appeal, and was a preliminary objection, that should have been made before issue on the reasons of appeal.

V. This court has full power to review the judgment of the Superior Court in so far as it is claimed to rest on errors of law. The action of the trial court is not final upon points of law.

*J. Belden Hurlbutt*, for the appellees.

I. In order that the Superior Court should have had jurisdiction of the appeal from the county commissioners, the grievance alleged must be, (1) to a taxpayer; (2) it must be one affecting him peculiarly ; and (3) the interest affected must be a pecuniary one.

The law *says* the appellant must be a taxpayer.

The law also seems to imply that there are *two* classes of taxpayers,—an aggrieved class, and a class without grievance; and we assume this to be so, from the general principle of construction of statutes, that the intent is to be gathered from the language, and that all the words of the statute are to be given meaning to, if they can be, consistent with the intent and purpose of the law in all its parts. Sutherland on Statutory Construction, § 240.

The fact that the legislature intentionally limited appeals to those *taxpayers who are aggrieved*, clearly implies that some right or pecuniary interest of the taxpayer was contemplated, different in character from a remonstrant, or from taxpayers in general. The only grievance affecting a taxpayer as such, would clearly be one of a pecuniary nature only. *Norton's Appeal*, 46 Conn., 528; *Buckingham's Appeal*, 57 id., 545.

II. If the grievance required is one of special character, it ought to be stated in the appeal. *Swan* v. *Wheeler*, 4 Day, 137 ; *Saunders* v. *Denison*, 20 Conn., 524; *Church* v. *Hall*, 22 id., 131 ; *Deming's Appeal*, 34 id., 201 ; *Norton's Appeal*, 46 id., 527 ; *Elderkin's Appeal*, 49 id., 71; *Dickerson's Appeal*, 55 id., 229; *Buckingham's Appeal*, 57 id., 544; *Camp-*

*bell's Appeal*, 64 id., 277. The allegation that he is aggrieved, is a mere averment of a legal conclusion, predicated upon no alleged facts. *Campbell's Appeal, supra.* No facts are alleged to justify the conclusion, and this fatal omission cannot be remedied by any statement in the reasons of appeal. *Norton's Appeal*, 46 id., 527, and other authorities cited, *supra.*

III. The motion to erase was properly received and disposed of by the court. *Wickwire* v. *State*, 19 Conn., 488 ; *Olmstead's Appeal*, 43 id., 214.

The jurisdiction of the court must appear upon the face of the proceedings, as our courts are, to a certain extent, at least, of limited jurisdiction, as distinguished from English courts of general jurisdiction. *Raymond* v. *Bell*, 18 Conn., 88.

The motion to erase being predicated, as it must be, upon what appears upon the face of the record, was a proper method to reach the defect. Where the defect is one which involves no issue to be made to the court, it effects precisely the same office that a plea in abatement could effect; while a plea in abatement is necessary to reach matters *dehors* the record. This principle is sustained by the practice in Connecticut. *Saunders* v. *Denison*, 20 Conn., 525 ; *Wickwire* v. *State*, 19 id., 485 ; *Trinity Church* v. *Hall*, 22 id., 130 ; *Deming's Appeal*, 34 id., 201 ; *Norton's Appeal*, 46 id. 527 ; *Elderkin's Appeal*, 49 id., 71 ; *Dickerson's Appeal*, 55 id., 229 ; *Buckingham's Appeal*, 57 id., 544 ; *Orcutt's Appeal*, 61 id., 378 ; *Campbell's Appeal*, 64 id., 277 ; *Bishop* v. *Vose*, 27 id., 1 ; *Camp* v. *Stevens*, 45 id., 92.

The defect was not amendable, being no part of the proceedings in this court, or over which this court had any control. A court will not amend proceedings to give it jurisdiction. *Hoxie* v. *Paine*, 41 Conn., 540.

IV. The motion to restore the case to the docket, is one addressed entirely to the discretion of the court; is not reviewable, and is only here introduced with the view of putting something into the record, which by right ought not to be there, to create a sympathy or feeling that an injustice

might be done. It is no part of the record, nor any part of the proceedings in this case. *Dauchy* v. *Salisbury*, 29 Conn., 124; *Parsons* v. *Platt*, 37 id., 566.

BALDWIN, J. Chapter CLXXV. of the Public Acts of 1893, (p. 319,) gives an appeal to the Superior Court from a decision of county commissioners granting a license to sell spirituous and intoxicating liquors, to "any tax-payer of the town in which the business carried on under such license is to be transacted, who shall be aggrieved."

Section 3063 of the General Statutes provides that all applications for such a license must be indorsed in writing by five electors and taxpayers of the town. Such taxpayers must, by § 3049, be residents in the town, owning property assessed on its grand list. Any citizen of the town, by § 3063, may file with the commissioners objections to granting such a license, upon which a hearing, on due notice, must be had before them.

These statutes contemplate three classes of persons in every town as having a special interest in the proper administration therein of the system of licensing liquor-sellers: the taxpayers who are electors, the taxpayers who are not electors, and the citizens generally without distinction of sex. Without the consent of five who belong to the first class, no application for a license can be considered. Any member of the third class may be heard in opposition to such an application, and, should the commissioners decide to grant it, any taxpayer, whether an elector or not, "who shall be aggrieved," can appeal from their decision to the Superior Court.

The term "aggrieved," as used in our statute as to appeals from probate, applies only to those who can show a direct pecuniary interest in the matter in controversy. Had it been intended that it should receive the same construction, as used in the Act of 1893, the class, in whose favor the right of appeal was granted, would naturally have been restricted to those having some interest in landed property in the immediate vicinity of the place where the liquors were to be

sold.    But the proof of pecuniary damage to such an inter-
est even, would necessarily be difficult, and, since the appeal
must be taken to the next return day after the grant of the
license, must always rest largely on the opinion of witnesses
as to future probabilities.    On the other hand, every owner
of property, assessed in the grand list of the town in which
he resides, has a substantial interest in the prosperity and
good order of that town.    The expense of the local police
of any town, as well as of criminal proceedings before its
local tribunals, is largely dependent on the number of the
liquor saloons and bar rooms within its limits, and the char-
acter of those who keep them.    If licenses are granted with
too free a hand, or without proper discrimination, the bur-
dens of taxation are likely to be increased.    Every taxpayer
therefore has a certain, though it may be a small, pecuniary
interest in having the license law well administered; and if
he is also a resident in the town where he pays his taxes, he
has an additional interest, common to every citizen, in pro-
moting the general welfare of the community.

In view of these considerations, we think that any resi-
dent taxpayer of a town who feels aggrieved at the grant-
ing of a license for the sale of liquors therein, has the right
of appeal under the Act of 1893, and that he is not bound
to show any grievance or interest in the matter peculiar to
himself, either in his own motion for an appeal before the
county commissioners, or by reasons of appeal in the Supe-
rior Court.    It follows that there was error in erasing the
cause from the docket.

The plea in abatement challenges the jurisdiction of this
court to review any action of the Superior Court upon ap-
peals of this nature.    We perceive no foundation for this
objection.    The cause became one of a judicial nature, when
it was brought before the Superior Court, and as the judg-
ment there rendered was founded on a misconception of the
law, it was as much the subject of review as a judgment in
any other proceeding.

It is also set up, as matter of abatement, that the appeal
is taken from two judgments, and that from one of these,

the order denying the motion to restore the cause to the docket, there was no right of appeal. This is true ; but the appeal was well taken from the original order erasing the cause from the docket, and it is not invalidated by the nugatory attempt to review the action, subsequently had.

The order extending for a week the time " for filing notice of appeal " from the order of erasure, was not made until a day after the ordinary period fixed for that purpose had elapsed ; and it is contended that it was then too late for the court to grant an extension. The statute under the provisions of which this action was had, General Statutes, § 1131, does not provide that the time must be extended, if at all, before it expires, nor do we think any such limitation is or ought to be implied.

But the extension was granted on the same day that the motion to restore the cause to the docket was heard and denied. Such a motion is in the nature of a petition for a rehearing, and when both made and entertained by the court, operates of itself to defer, until it is finally disposed of, the time for appealing from the original order. This is the settled construction of the statute of the United States (U. S. Rev. Stat., § 1008) denying any right of review in the Supreme Court of the United States of judgments, decrees, or orders in civil actions, " unless the writ of error is brought, or the appeal is taken, within two years after the entry of such judgment, decree, or order ; " and of the similar provision in the Act of 1891, creating the Circuit Courts of Appeals ; 26 U. S. Stat. at Large, 829. *Brockett* v. *Brockett*, 2 How., 238 ; *Brown* v. *Evans*, 18 Fed. Rep., 56 ; *Aspen Mining & Smelting Co.* v. *Billings*, 150 U. S., 31. Our own statute of appeals requires the party aggrieved to file his notice of appeal " within one week after the rendition of the judgment or the passage of the decree," and his appeal " within ten days from the rendition of such judgment," unless the time is enlarged by the court, " for due cause shown." The considerations which have determined the construction of the statutes of the United States, in this particular, are equally applicable to that of this State. Where a motion

or petition for a rehearing is deemed by the court, to which it is presented, of sufficient importance to be reserved for future argument, and is not disposed of within ten days from the rendition of the original judgment, it would be unreasonable to require the moving party to proceed meanwhile to file a notice of appeal, or an appeal, in ordinary course. An appeal, so filed, would remove the cause into this court, and, unless it should be afterwards remanded to the court below, would deprive it of any further jurisdiction as to granting a rehearing. *Roemer* v. *Simon*, 91 U. S., 149.

The order of the Superior Court extending the time for filing a notice of appeal, must therefore be regarded as simply declaratory of the purpose to suspend the operation of the original judgment which the law would otherwise have implied.

The plea in abatement is overruled, and the judgment of the Superior Court is reversed.

In this opinion the other judges concurred.