BUCKLEY BURR *vs.* WILLIAM A. BOOTH, DEPUTY SHERIFF.

Third Judicial District, New Haven, January Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Section 526 of the General Statutes authorizes the Court of Probate to examine under oath an insolvent debtor whose estate is in settlement in such court, and provides that such " examination shall be in writing, shall be signed by said debtor, and shall be filed with said court." A later clause provides that "if such debtor shall refuse to appear and submit to an examination, when required so to do, as above provided, the court may commit him to prison, for not longer than five days, and until the cost of such commitment be paid." *Held* that inasmuch as the statute did not clearly authorize the court to imprison for a refusal to sign the examination, the court did not possess that power.

[Argued February 5th—decided February 21st, 1896.]

PETITION for writ of *habeas corpus*, brought to the Court of Common Pleas in New Haven County and tried to the court, upon the respondent's demurrer to the petitioner's answer to the return ; the court, *Hotchkiss, J.*, sustained the demurrer and rendered judgment for the respondent, and the petitioner appealed for alleged errors in the rulings of the court. *Error, and judgment reversed.*

The case is sufficiently stated in the opinion.

*Henry G. Newton* and *Henry F. Hall*, for the appellant (petitioner).

*Charles S. Hamilton* and *Charles A. Harrison*, for the appellee (respondent).

ANDREWS, C. J. Upon the application of the plaintiff alleging that he was deprived of his liberty without law or right, by the defendant, a deputy sheriff of New Haven County, the Court of Common Pleas of that county issued a writ of *habeas corpus* commanding such officer to produce the plaintiff in court, together with the cause of his detention. The defendant produced the plaintiff, and made return on the writ as follows:—

" In obedience to the within writ and by virtue of the same, I have brought the body of the within named Buckley Burr to this court room of the Court of Common Pleas for New Haven County, where I have him, the said Buckley Burr, in court; and for the cause of his detention by me I assign and state that on the 24th day of December, 1895, there was put into my hands for service a mittimus in the words and figures following: To W. A. Booth, Deputy Sheriff for New Haven County, Greeting: Whereas, at a Probate Court for the District of Wallingford, holden this day before me, wherein Buckley Burr, an assigning insolvent debtor, was cited before said court for an examination on oath on all matters relating to the disposal on condition of his property, to his trade and dealing with others, and his accounts concerning the same, to all debts due or claimed from him, and all other matters concerning his property and estate, and the due settlement thereof according to law, under section 526 of the General Statutes of 1888: said Buckley Burr having been summoned by said court, appeared before said court and was duly examined under oath concerning his affairs as hereinbefore mentioned, and at the close of said examination, which said examination was in writing, being by said court required and demanded to sign said written examination, wilfully and contemptuously neglects and refuses to sign such examination, wherefore, you are hereby commanded to take the said Buckley Burr and him commit to the keeper of the jail at New Haven in and for the County of New Haven, who is hereby required to receive the said Buckley Burr into his custody, and him safely keep within said jail for the term of five (5) days, and until the said costs of such commitment be paid,

or he be otherwise legally discharged. Hereof you are not to fail but due service make, and leave with said keeper this mittimus. Dated at Wallingford, this twenty-fourth day of December, A. D. 1895. John A. Martin, Judge of the Court of Probate for the District of Wallingford.

" And that by virtue of said mittimus I have taken the body of the said Buckley Burr for the purpose of delivering him to the keeper of the jail at New Haven, in and for the County of New Haven, in accordance with the direction of said mittimus. I therefore assign the premises aforesaid as the cause of the detention by me of the said Buckley Burr."

To this return the plaintiff demurred : " Because it appears upon the face of the mittimus therein set out, that the judge of probate had no jurisdiction to commit the plaintiff to jail, or to issue the said mittimus for the cause therein stated." This demurrer was overruled. Answer was then made to the return, to which the plaintiff demurred. The court sustained this demurrer, held the return sufficient, dismissed the writ, and remanded the plaintiff to the custody of the defendant. From this judgment the plaintiff appealed, and assigned as error that the court erred in overruling his demurrer to the defendant's return.

The only authority the Court of Probate had to issue the said mittimus, must be found in § 526 of the General Statutes. There is no other authority suggested. That section provides that Courts of Probate may "require any debtor whose estate is in settlement before them to attend and submit to an examination on oath upon all matters relating to the disposal or condition of his property . . .; which examination shall be in writing, shall be signed by said debtor, and shall be filed with said court." Then, after various other provisions, the section says : "If such debtor shall refuse to appear and submit to an examination, when required so to do, as above provided, the court may commit him to prison, for not longer than five days, and until the cost of such commitment be paid."

It appeared by the said mittimus that the plaintiff was an assigning insolvent debtor, whose estate was in settlement

before the said Court of Probate; that he had been cited to appear before said court for an examination, pursuant to the provisions of the said statute; that he attended and was duly examined on oath, which examination was in writing, and that "being by said court required and demanded to sign said written examination, wilfully and contemptuously neglects and refuses to sign such examination."

The plaintiff insists that he cannot be imprisoned for refusing to sign his examination; that he had done all those things which the Court of Probate could require him to do on pain of imprisonment; that he had appeared when required, and had submitted to the examination. He says the word "examination," in the last clause of the said statute, does not include the act of signing, but is complete when all the questions have been asked and answered under oath, and have been put in writing. And he says all this was done, and that the Court of Probate treated this as the complete examination, as is manifest by the mittimus itself, which recites that he, the plaintiff, was cited to appear before said court for an examination; that he did appear and was duly examined under oath, and at the close of said examination, which "examination" was in writing, being required to sign said "examination," refused to sign said "examination."

On the other hand, it is claimed in behalf of the defendant that the examination provided for in said section includes the signing, and would be incomplete without the signature, and would be valueless; that the words of this last clause of the statute, "when required so to do, as above provided," mean that the insolvent must sign when required so to do, just as much as he must appear or must be examined when required; and that the penalty of imprisonment is attached to a refusal to sign, as fully as it is to a refusal to do either of the other things.

We have no occasion to decide between these arguments. We are convinced that the statute does not authorize the court to imprison for a refusal to sign the examination; and the fact that there is a doubt in this respect is conclusive

against the power to imprison. No one should be sent to jail unless there is a clear warrant of law for so doing. There is nothing in respect to which the law is more jealous than of the personal liberty of each citizen. The reasoning of this court in *Noyes* v. *Byxbee*, 45 Conn., 382, is decisive of the present case. See also *Cole* v. *Egan*, 52 Conn., 219.

There is error, and the judgment of the Court of Common Pleas is reversed.

In this opinion the other judges concurred.