## JAMES B. HENRY
*vs.*
## WILLIAM M. HARNEY, CONSERVATOR

| Superior Court | Hartford County | File No. 62439 |

MEMORANDUM FILED JULY 8, 1940.

*Terry J. Chapin*, of Hartford, for the Plaintiff.

*William M. Harney*, of Hartford, for the Defendant.

O'SULLIVAN, J. This is a purported appeal from an order of the Probate Court for the District of Hartford.

From the face of the record it appears that the appellant, who will be called the plaintiff, while the appellee will be referred to as the defendant, is an attorney at law practicing his profession in the City of Hartford.

On November 23, 1939, the defendant was appointed by the probate court as the conservator of the estate of one Clara S. Hunt, an incapable person.

On February 7, 1940, upon the application of the conservator, the probate court issued an order whereby the plaintiff was directed to appear before it to disclose whether Mrs. Hunt, who had been the plaintiff's client, had made a will, and to be examined upon its terms. Furthermore, he was ordered to produce and deliver such will, if it were in existence.

The plaintiff appeared at the required time, but he refused to answer five questions propounded to him on the ground that to do so would divulge privileged communications of his client and the latter had not waived the privilege. The probate court then passed its order requiring the plaintiff to answer, and from this order he has taken this so-called appeal to this court.

Although the point was not raised, there is, it seems to me, a fundamental jurisdictional defect precluding this court from entertaining the appeal and passing on the merit of the plaintiff's position. "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court." (Gen. Stat. [1930] §4990.) The word "aggrieved" as used in this statute applies only to persons having a pecuniary interest in the matter in controversy, or to those acting in a representative capacity, under court authority, for others whose interests will be so affected. Beard's Appeal, 64 Conn. 526, 533; Dickerson's Appeal, 55 id. 223, 229; Norton's Appeal, 46 id. 527, 528; Averill vs. Lewis, 106 id. 582, 587; Avery's Appeal, 117 id. 201; Spencer's Appeal, 122 id. 327, 331.

That this plaintiff does not fall within the classification of those to whom is available an appeal from the order of the

probate court seems to me to be obvious. Neither in his individual nor in any official representative capacity has he a financial interest in the matter upon which the court acted.

That this view has been traditionally accepted is borne out by the procedure adopted in other cases of an analogous nature, wherein the writ of habeas corpus has been employed to test the validity of a penalty imposed by the probate court upon a witness refusing to answer questions. *Cole vs. Egan,* 52 Conn. 219; *Burr vs. Booth,* 67 id. 368.

The order in the instant case did not carry with it any penalty, as well it might have done. As the order now stands, it is unappealable, nor would the situation be different with a penalty annexed. Being an order from which no appeal lies, the Superior Court is without jurisdiction. Hence the purported appeal must be erased from the docket.