JACKSON'S INC. *v.* ZONING BOARD OF APPEALS OF THE CITY OF STAMFORD ET AL.

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE No. 71319

STANLEY J. OGIBA ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF STAMFORD ET AL.

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE No. 71479

Memorandum filed September 4, 1958

*Frank J. DiSesa,* of Stamford, for plaintiff Jackson's Inc.

*Macrides, Zezima & Schwartz,* of Stamford, for plaintiffs Stanley J. Ogiba and William M. Dudas.

*Brennan, Gaffney & Dichter,* of Stamford, for defendant Seymour Ellis.

*Raymond G. Cushing,* of Stamford, for defendant Zoning Board of Appeals of the city of Stamford.

LONGO, J. The two above-named actions are appeals from the decision of the defendant zoning board of appeals of the city of Stamford in granting a variance of § 14(c) of the zoning regulations, permitting the sale of alcoholic liquor from a service bar in a restaurant located at 2235 Summer Street in Stamford.

The decision of the board was appealed by the plaintiff Jackson's Inc., who is the holder of a restaurant permit within 1500 feet of the location of the defendant Seymour Ellis. The plaintiffs Stanley J. Ogiba and William M. Dudas are appealing in behalf of the restaurant association and as owners of permits located at a greater distance than 1500 feet. They are appealing as aggrieved residents, taxpayers and property owners of the city of Stamford. Both appeals arise out of the same zoning board of appeals application and decision and were argued together. The return contained a stenographic recording of the proceedings before the board, and the appeals were submitted on the record.

The defendant Seymour Ellis operates a restaurant with a liquor permit on Summer Street in Stamford. In November, 1957, he entered into a lease with Ridgeway Stores, Inc., for premises in a building under construction at No. 2235 Summer Street, for the purpose of conducting a restaurant. Since 1951, the plaintiff Jackson's Inc., has maintained a restaurant with a liquor permit at 46 Sixth Street, which is located within a radius of 1500 feet of the proposed location of the restaurant of the defendant Ellis.

On January 6, 1958, Ellis applied to the Stamford zoning board of appeals for "variance of the 1500

foot ruling for a liquor license to permit the sale of liquor from a service bar in Helene's Restaurant currently being erected," the application stating that he was to be the operator under a lease. On January 27, 1958, the board granted the application, after public hearing, for a variance of § 14(c), for the following reasons: "The Zoning Board of Appeals considers this application as an exception to the Zoning Ordinance governing the 1500-foot regulation. The Board is of the mind that the Regulation was not intended to prohibit an operation of the nature of this application in a shopping center. The enforcement of the 1500-foot Regulation in this instance would react as a restraint of trade and would tend to create a monopoly for the benefit of no one, a definite loss to the community of a valuable necessity. The shopping center in which this restaurant is to be located consists of stores serving all the needs of the public in a very small area and a hardship would be created if the 1500-foot Regulation were to be enforced. The type of clientele that this restaurant would serve is a clientele that desires liquor with its meals. The type of liquor service to be rendered is that from a service-bar with no stand up service directly with the customers, and the store hours for this type of operation is such that it is in no way to be considered a night club. The Board of Appeals in executive session on January 27, 1958, therefore approves the necessary variance required for the issuance of a liquor permit."

On February 7, 1958, Stanley J. Ogiba and William M. Dudas appealed from the decision of the board and obtained a restraining order enjoining the defendant Ellis from applying to the liquor control commission for a permit to sell liquor on the proposed premises until determination of the pending appeal or further order of the court. The plaintiffs

in both appeals claim that the board, in granting the variance, acted illegally, arbitrarily and in abuse of discretion, and in excess of its powers.

The zoning regulations of the city of Stamford, in effect since November 30, 1951, provided, in part, as follows: "Section 14. Dispensing of Alcoholic Liquors. . . . (C) In any district in which is permitted a tavern or a restaurant where liquor is sold for consumption on the premises, no building or premises which prior to December 1, 1951, was not the site or location of a business where alcoholic liquor was sold for consumption on the premises, shall thereafter be used for such purpose if such building or premises is within 1500 feet radius of another tavern or restaurant where liquor is sold for consumption on the premises. This regulation, however, shall permit any permittee using any building or premises where liquor is sold for consumption on the premises to move said place of business to another building or premises within the 1500 feet radius above described, provided said building or premises is not more than 750 feet from the building or premises formerly occupied by such permittee and provided the new location is in a district where such use is permitted. If any building or premises within the 1500 feet radius area above described which shall be used for the sale of liquor for consumption on the premises shall be discontinued for such use for a period of thirty days, such use shall not be resumed except in conformity to said foregoing provision." The record indicates that the proposed location of the defendant's restaurant liquor permit would be in violation of § 14(c), in that the proposed location is within 1500 feet of existing permit premises.

The power of the zoning board of appeals to grant variances is contained in the following section of the zoning regulations: "Section 18. Board of Appeals.

(A) The Board of Appeals shall have the following powers and duties all of which shall be exercised, subject to appropriate conditions and safeguards, in harmony with the purpose and intent of these regulations and in accordance with the public interest and the most appropriate development of the neighborhood. . . . (5) To authorize upon appeal in specific cases variances from the terms of these regulations, where by reason of exceptional shape, size or topography of lot, or other exceptional situation or condition of the building or land, practical difficulty or unnecessary hardship would result to the owners of said property from a strict enforcement of these regulations. Before any exception or variance is granted, the Board of Appeals shall include a written finding in its minutes as part of the record in each case, stating specifically the exceptional conditions, the practical difficulties, or unnecessary hardship involved. Any variance or exceptions in the use of buildings or land which are granted by the Board of Appeals shall be placed by said Board upon the land records of the town, by filing a record of the variance or exceptions with the Town Clerk."

At the outset, the defendant Ellis has denied that the plaintiffs are persons "aggrieved" by the action of the board. In disposing of this claim, it was admitted by the defendant Ellis that the plaintiffs Ogiba and Dudas are residents, taxpayers and property owners of the city of Stamford. In *Beard's Appeal,* 64 Conn. 526, 534, it was held that every owner of property assessed in the grand list of the town in which he resides has a substantial interest in the prosperity and good order of that town, and that every taxpayer has a certain, though it may be a small, pecuniary interest in having the license law well administered, and if he also is a resident in the town where he pays his taxes, he has an additional

interest, common to every citizen, in promoting the general welfare of the community. The words "any person or persons . . . aggrieved" (Cum. Sup. 1955, § 379d) include at least any landowner or resident within the city whose situation is such that the decision of the board may adversely affect him in the use of property owned or occupied by him in some manner within the scope of the purposes of the zoning ordinance. *Kamerman* v. *LeRoy,* 133 Conn. 232, 237; *O'Connor* v. *Board of Zoning Appeals,* 140 Conn. 65, 72; *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662.

The court finds that the plaintiffs Ogiba and Dudas, as well as Jackson's Inc., the plaintiff corporation which conducts a restaurant liquor business within the 1500 feet radius of the proposed permit location and is adversely affected by the variance, are aggrieved persons entitled to appeal.

The gist of the claims of the defendant Ellis centers upon the character of the location involved, namely, a commercial, growing shopping center, and that because the defendant's restaurant is to be located in this development, an exception to the enforcement of § 18 (5) should be made. It cannot be logically argued that where the regulation provided for variances, by reason of exceptional shape, size or topography of lot, or other exceptional situation or condition of the building or land, those characteristics were intended to apply to the situation of land used by numerous businesses in a closely defined unit known as shopping centers. Rather, those enumerated factors are intended to apply to the physical characteristics of the land, and not the contemplated use.

A board of appeals may exercise the discretionary power entrusted to it in favor of an applicant only where his plight is contributable to circumstances

uniquely touching his land as distinguished from conditions that affect the rest of the neighborhood. There is nothing in the record to indicate that this property differs from any other in topography, and there is no extraordinary or exceptional situation or condition whatsoever that is peculiar to the lot or area in question, and to it alone.

In the instant case, it is clear from the pertinent provisions of the ordinance recited above that the board would be unwarranted in granting the defendant Ellis relief unless it was satisfied that the enforcement of the strict letter of the ordinance would result in "practical difficulty or unnecessary hardship" to the owner of the property. The decisive question presented by the record upon this appeal, therefore, is whether it contains facts which are sufficient to establish this essential. *Lindy's Restaurant, Inc.* v. *Zoning Board of Appeals,* 145 Conn. 620, 623.

It is apparent from the record, and the court so finds, that the only hardship in the instant case would be one of financial hardship to the defendant Ellis, which might possibly result to him in loss of income from his inability to serve liquor to his diners. Financial considerations alone cannot govern the action of the board. There would be no occasion for a zoning law if financial considerations were to control the action of the board in granting a variance. *McMahon* v. *Board of Zoning Appeals,* 140 Conn. 433, 444 (dis.). The power to grant a variation is to be sparingly exercised. *Nielsen* v. *Board of Appeals on Zoning,* 129 Conn. 285, 289. It is to be used only where a situation falls fully within the authority granted. *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 540.

The predicament which faces the defendant Ellis did not originate in the ordinance or in other con-

ditions beyond his control, but was created by his own error in failing to ascertain, before negotiating his lease, that the premises were subject to the 1500 feet regulation of the permitted use. Even though the defendant Ellis acted under a mistake, the mistake was attributable to his own conduct, which could be considered as reckless. The difficulties and hardships to which the ordinance refers do not include those occasioned by the reckless conduct of him who seeks the variation. *Misuk* v. *Zoning Board of Appeals,* 138 Conn. 477, 481. In any event, the defendant Ellis' mistake or ignorance of the regulation cannot be reason for the relaxation of the enforcement of the ordinance in his favor, as he is presumed to know the law.

Turning to the reasons given by the board justifying the granting of the waiver, it stated that the regulation was not intended to prohibit an operation of the nature of this application in a shopping center. The intent of this particular type of ordinance is to limit the number of liquor outlets in a community by regulating the distance between them. The reason given by the board was, in effect, an attempt to rewrite the regulation, and to give special consideration to shopping centers, which was not the intent when the ordinance was enacted.

In stating that the enforcement of the regulation in this instance would react as a restraint of trade and would tend to create a monopoly, the board has taken an arbitrary position in favor of a location used as a shopping center. This, again, is outside the scope of the ordinance.

While the court recognizes the convenience to some members of the public who would be able to have liquor with their meals, the record does not indicate, nor can the court find, that a hardship would be created if liquor were not served in the

restaurant of the defendant Ellis. Convenience to the public cannot be the basis of granting a variance where the ordinance specifically requires hardship to the owners. At best, the record indicates a possible inconvenience to a portion of the public, coupled with an economic disadvantage to the defendant lessee. Neither or both is sufficient to justify the granting of the variance on the ground of practical difficulty or unnecessary hardship.

The defendant board acted unlawfully and in abuse of its discretion in granting the variance.

The appeal is sustained.