THOMAS E. MACALUSO *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WINDSOR ET AL.

HOUSE, C. J., COTTER, MACDONALD, BOGDANSKI and LONGO, Js.

Argued November 14, 1974—decision released February 11, 1975

*Valentine J. Sacco,* with whom, on the brief, was *Neal H. Jordan,* for the appellant (defendant Devanney).

*Steven D. Bartelstone,* for the appellee (plaintiff).

COTTER, J.   The defendant Thomas M. Devanney takes this appeal from a judgment of the Court of Common Pleas sustaining the plaintiff's appeal from the action of the defendant zoning board of appeals, which had earlier upheld the decision of the building inspector and zoning enforcement official of the town of Windsor that the defendant Devanney's property could be used as a package store in conformity with the zoning regulations of the town.

The premises which are the subject matter of this appeal have been used since 1933 as a drug store which also sold liquor under a drug store liquor permit.   In 1935 the town of Windsor adopted zoning

regulations prohibiting the use of a building or premises for the sale of alcoholic beverages if such building or premises were within 1000 feet of any other building or premises in which such beverages were sold. Windsor Zoning Regs. § 4.04.02. The defendant's premises were then within 1000 feet of three other liquor outlets, two of which remain. On July 12, 1972, the drug store having vacated the premises, the defendant applied to the building inspector for certification of a liquor application that his property could be used as a package store in conformity with the town regulations; the building inspector certified the premises to the state liquor control commission as a permitted use.

The defendant has assigned error in the conclusions set forth by the court in its limited finding. The initial question is whether the use of the premises in dispute as a liquor outlet under a drug store liquor permit was a nonconforming use after 1935, as determined by the court. The Windsor zoning regulations define a nonconforming use as "a use of land, building or premises which is not a use permitted by the provisions of this ordinance . . . which is legally in existence at the time of passage of this ordinance." Windsor Zoning Regs. § 20.14. In determining whether the property in question was properly classified as a nonconforming use, the words of the 1935 regulation passed by the town and relied upon by the court are vital: "No building or premises shall be used, and no building shall be erected or altered which is arranged, intended, or designed to be used, except as permitted in Section 4.04.01, for the sale or exchange of alcoholic beverages either at wholesale or retail, or whether for consumption upon the premises or otherwise . . . if any part of such building or premises is situated

(a) within 1000 feet in a direct line from any building or premises other than permitted in Section 4.04.01 in which alcoholic beverages are stored, sold or exchanged . . . ." Windsor Zoning Regs. § 4.04.02. It is the use to which the premises in question have been put which has made these premises nonconforming since this regulation was passed. The use of the premises to sell liquor under a pre-existing drug store liquor permit was clearly nonconforming, as the court concluded, since the premises are within 1000 feet of at least two other existing liquor outlets. *Rafala* v. *Zoning Board of Appeals*, 135 Conn. 142, 146, 62 A.2d 337. It is not, as the defendant argues, the building that made the premises nonconforming, but rather its use as a liquor outlet within 1000 feet of two other such outlets, since the applicable zoning regulation is concerned with the use of land and buildings. See, e.g., *Kallay's Inc.* v. *Katona*, 152 Conn. 546, 547, 209 A.2d 185; *Great Atlantic & Pacific Tea Co.* v. *Katona*, 151 Conn. 417, 420, 198 A.2d 711. The court did not err in concluding that the use of the subject premises as an outlet for the sale of alcoholic beverages under a drug store liquor permit was a nonconforming use after the passage of the 1935 regulation.

The defendant has also assigned error in the court's conclusion that the substitution, upon the defendant Devanney's application, of a package store permit for the previous drug store permit constituted an extension or expansion of this nonconforming use. This conclusion was crucial, since the Windsor zoning regulations specifically prohibit the extension or expansion of a nonconforming use. Windsor Zoning Regs. § 5.03. This court has ruled in many cases involving such outlets that changes requested in the type of operation then in use con-

stitute extensions or expansions of the use and are thus barred by applicable prohibitory regulations. See, e.g., *Kallay's Inc.* v. *Katona,* supra, 548; *Salerni* v. *Scheuy,* 140 Conn. 566, 569, 571–72, 102 A.2d 528; *Miller* v. *Zoning Commission,* 135 Conn. 405, 407, 65 A.2d 577. The rule concerning the continuance of a nonconforming use protects the right of a user to continue only the same use of the property as it existed before the date of the adoption of the zoning regulations. *Beckish* v. *Planning & Zoning Commission,* 162 Conn. 11, 16, 291 A.2d 208. It is a matter of common knowledge that the sale of alcoholic beverages in a package store is an enterprise of substantially greater magnitude than the sale of such beverages under a drug store liquor permit. Statutory regulations concerning sales in both types of establishments recognize these distinctions. See, e.g., General Statutes § 30-36. The court, then, did not err in concluding that the substitution of a package store permit for a drug store liquor permit affecting the premises in question constituted an extension or expansion of a nonconforming use. See *Salerni* v. *Scheuy,* supra.

The defendant also assigned error in the court's conclusion that the plaintiff, as a resident taxpayer of the town of Windsor, was an "aggrieved" person for the purpose of taking the appeal, within the meaning of General Statutes § 8-8. Basically, the defendant has attacked as anachronistic the policy considerations underlying our longstanding principle that in cases in which traffic in liquor is involved and a statute similar to § 8-8 conferring a right of appeal upon persons aggrieved by decisions of a zoning board of appeals is applicable, a resident taxpayer of a town is a priori an aggrieved person

with standing to prosecute the appeal, and need not show that he has an interest peculiar to himself. *Cowles* v. *Zoning Board of Appeals,* 153 Conn. 116, 117, 214 A.2d 361; *O'Connor* v. *Board of Zoning Appeals,* 140 Conn. 65, 72, 98 A.2d 515; *Beard's Appeal,* 64 Conn. 526, 534, 30 A. 775. These cases have recognized that the sale and use of liquor may involve such a risk that a resident taxpayer of a town has a sufficient pecuniary interest as well as a sufficient interest in the general well-being of his community to allow him to appeal such decisions. *O'Connor* v. *Board of Zoning Appeals,* supra, 70; *Beard's Appeal,* supra. The defendant has not persuaded us to reconsider the merits of the principle of appellate procedure embodied in these decisions. The court did not err, then, in concluding that the plaintiff was an aggrieved person with standing to prosecute his appeal.

There is no error.

In this opinion the other judges concurred.