[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE TEMPORARY INJUNCTION
Plaintiffs (Weidner and Electrical) bring this application for a "temporary injunction restraining all Defendants from executing or ratifying a contract with [a corporation called] C.F.L., Inc., and from issuing any bonds to finance [a certain] project" against the Town of Southington and the Town Council of Southington (both hereinafter Southington), John Weichsel (Weischel) and Anthony J. Tranquillo (Tranquillo).
At the hearing held January 14, 1991, the sole issue presented to the court was whether or not a plaintiff has suffered or will suffer irreparable injury.
Facts
Weidner and Electrical are each Connecticut corporations.
On or about July 20, 1990, the defendants solicited bids from contractors for certain sewer system work. CT Page 1720
Section 736 of the Town of Southington Charter provides, inter alia, that if any contract for public works involves the expenditure of $1,000 or more, the council "shall invite sealed bids or proposals, giving ten (10) days' [sic] public notice thereof by at least one (1) publication in two (2) newspapers having major circulation in the town, and shall let the purchase or contract to the lowest responsible bidder thereon or shall reject all such bids and proposals."
The sewer system work for which bids were solicited involved the expenditure of more than $1,000.
Weidner submitted a bid for the proposed work, which bid was opened with all other bids on August 24, 1990. Weidner's bid of $567,110.00 to perform the work was the lowest bid. The next lowest bid was submitted by C.F.L., Inc. in the amount of $580,855.25.
Weidner was the lowest responsible bidder.
On or about October 9, 1990, the defendants met in executive session and later voted to award the contract to C.F.L., Inc.
On or about October 12, 1990, the defendant Tranquillo mailed notice of this action to the plaintiff Weidner.
Electrical claims standing to bring this action because it is a taxpayer of the Town of Southington and will be injured by the defendants' violation of the Southington Town Charter in that its sewer use fees will be or may be increased by fifty cents ($.50) per year. That damage is not speculative.
The plaintiffs claim irreparable injury and no adequate remedy at law.
Weidner is and was ready, willing and able to perform its obligations under its bid.
"The agenda filed by the Town Council pursuant to law did not specify that the Town Council would consider the matter of the bids received for the Old Turnpike Road pump station."
Now, the plaintiffs claim that the meeting conducted by the defendants was illegal in one or more of the following respects:
1. the defendants did not state the reason for convening an executive session; CT Page 1721
2. the defendants did not possess a valid reason for convening an executive session under Connecticut General Statutes Section 1-21(g); and
3. the agenda filed by the Town Council did not specify that the Town Council would consider the matter of the bids received for the Old Turnpike Road pump station as required by law.
Law
Is the annual increase in sewer user fees to Electrical so small that the law will declare it de minimis and because of that does Electrical lack standing?
It is de minimis. But Electrical does have standing. Beard's Appeal from County Commissioners, 64 Conn. 526, 534.
The general rule that "substantial damage" is required to obtain an injunction, Tuesday v. Greenwich, 116 Conn. 426,432, does not obtain here. American-Republican, Inc. v. Waterbury, 183 Conn. 523, 526.
N. O'NEILL, J.