[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Harvey Fishman, appeals the granting of a zoning permit by the defendant, Town of West Hartford ("Town"), to the defendant, Deidre Magnello ("Magnello"). The zoning permit approved the operation of a package store ("liquor store") by Magnello at 23-29 Crossroads Plaza, West Hartford.
The plaintiff brings this appeal on the basis of his alleged status as a "taxpayer of the Town of West Hartford." (Complaint and Appeal, p. 2, ¶ 2.) The Town and Magnello have moved to dismiss the complaint pursuant to General Statutes § 8-8(j) and Practice Book § 10-31(a)(3). In support of the motions, the Town has provided an affidavit from its Director of Assessment, that Harvey Fishman is not listed on the Town's grand list and has no tax account.
The plaintiff has introduced affidavits which establish that he resides in West Hartford with his wife who is the record owner of the property in which they reside. He has a joint bank account with his wife, the funds for which he is primarily responsible. The taxes for this residence are paid from the joint account.
Section 8-8 (j) authorizes the defendants in a zoning case to move to dismiss the appeal. If the basis of the motion is the appellants standing to appeal, the appellant has the burden of proving his standing. If a party is found to lack standing, the court is without jurisdiction to determine the cause. Tomlinsonv. Board of Education, 226 Conn. 704, 717-18 (1993).
The plaintiff's claim of standing relates to his status as a resident and/or taxpayer. Cases involving a liquor outlet have much more liberal standing or aggrievement rules. See Jolly, Inc.v. Zoning Board of Appeals, 237 Conn. 184 (1996); Macaluso v.Zoning Board of Appeals, 167 Conn. 596, 600-01 (1979); Edelson v.CT Page 3645Zoning Commission, 2 Conn. App. 595, 597-98 (1984); Beard'sAppeal from County Commissioners, 64 Conn. 526, 534 (1894).
This motion raises two issues of first impression: (1) does town residence alone create standing to appeal a liquor zoning case; (2) is the status of town taxpayer for purpose of a liquor zoning appeal limited to the record owner of property. The court concludes that residence alone does not create standing and that the plaintiff is not a taxpayer for purposes of such an appeal.
"In accordance with existing precedent, any taxpayer in a municipality has automatic standing to appeal from a zoning decision involving the sale of liquor in that community." Jolly,Inc. v. Zoning Board of Appeals, supra, 237 Conn. 186-87.
The rule originated in Beard's Appeal from CountyCommissioners, supra, 64 Conn. 526, in 1894. The rationale was set forth as follows:
 [E]very owner of property, assessed in the grand list of the town in which he resides, has a substantial interest in the prosperity and good order of that town. . . . Every taxpayer therefore has a certain, though it may be small, pecuniary interest . . ., and if he is also a resident in the town where he pays his taxes, he has an additional interest, common to every citizen, in promoting the general welfare of the community.
 In view of these considerations, we think that any resident taxpayer of a town who feels aggrieved at the granting of a license for the sale of liquors therein, has the right of appeal. . . .
Id., 534.
The court, in Zuckerman v. Board of Zoning Appeals,144 Conn. 160, 164 (1956), granted automatic standing to a non-resident taxpayer. No case has granted such status on the basis of residence alone. Though residence was recognized as an interest in Beard's Appeal from County Commissioners, supra, 64 Conn. 526, the clear emphasis in that case and its progeny is the pecuniary interest of the taxpayer.
The automatic standing doctrine, though retaining its authority, has been subjected to extensive criticism. Macaluso v.CT Page 3646Zoning Board of Appeals, supra, 167 Conn. 600-601, Jolly, Inc. v.Zoning Board of Appeals, supra, 237 Conn. 204-09 (Berdon, J., dissenting). The reality in this case as in Macaluso v. ZoningBoard of Appeals, supra is that the plaintiff is a competitor seeking to use taxpayer/resident status to challenge the zoning action. Clearly, he can do so if he meets the criteria, but there seems no policy reason to expand the automatic standing status to non-taxpayer residents.
Thus, the plaintiff must fall within the taxpayer status to obtain standing and/or aggrievement. The taxes imposed by the municipality are property taxes. The plaintiff does not dispute that he owns no real or personal property in West Hartford subject to taxation by the Town. Accordingly, the question becomes whether a spouse of a taxpayer who provides the funds for a joint account from which the taxes are paid also qualifies the spouse as a taxpayer?
In Beard's Appeal from County Commissioners, supra,64 Conn. 526, reference is specifically made to "every owner of property, assessed in the grand list of the town. . . ." Id., 534. The cases following Beard's Appeal from County Commissioners, supra reference the taxpayers pecuniary interest. The plaintiff points out that taxpayer is referenced rather than property owner. However, the pecuniary interest of the taxpayer is not shared by all property owners. Tax exempt property owners would not share the pecuniary interest of taxpayers, which is the justification for the abandonment of traditional standing or aggrievement rules. Thus, taxpayer seems the appropriate designation to reflect the pecuniary interest.
In Jolly, Inc. v. Zoning Board of Appeals, supra,237 Conn. 184, the court noted that taxpayer status was presumed by "proof of ownership of property within a city." Id., 194, n. 13.
The defendant Town references General Statutes § 12-161
which limits the tax debt to the person or corporation against whom the tax is assessed. No tax was assessed against the plaintiff and thus no tax is due from him.
In Van Eck v. Gavin 44 Conn. Sup. 407 (1996), the court,Blue, J., in determining the "taxpayer"of the petroleum sales tax, refused to accord that status to the ultimate purchaser of gasoline under an economic theory. The court held that the "taxpayer" was the seller of petroleum products who was liable CT Page 3647 for the tax.
The court is obligated to honor the automatic standing of taxpayers to challenge zoning decisions effecting liquor outlets, but there is no reason to extend it to non-taxpayer residents, or to stretch the definition of the taxpayers to include their spouses as well.
The motion to dismiss is granted.
Robert F. McWeeny