HARTFORD DISTRIBUTORS, INC., ET AL. *v.*
LIQUOR CONTROL COMMISSION ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued April 10—decision released June 5, 1979

*James J. A. Daly,* with whom were *Daniel E. Brennan* and, on the brief, *Joseph P. McNamara, Robert J. Brennan, Jr.,* and *Thomas J. Weihing,* for the appellants (plaintiffs).

*James A. Wade,* for the appellees (defendants Miller Brewing Company et al.).

*Robert F. Vacchelli,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Richard M. Sheridan,* assistant attorney general, for the appellee (named defendant).

Longo, J.   The plaintiffs, wholesale distributors of beer in Connecticut, appealed to the Superior Court from the action of the defendant liquor control commission (hereinafter the commission), dated March 20, 1978, wherein the commission modified sanctions it had previously imposed upon the defendants Miller Brewing Company and Warren H. Dunn, an officer of Miller Brewing Company (hereinafter Miller and Dunn), relating to the sale by Miller of Lowenbrau beer in this state.   The court granted a motion to erase the appeal filed by Miller and Dunn, joined in by the commission.   The plaintiffs assign

a variety of errors to the court's granting of the motion, but, for the purposes of our discussion, the issue of aggrievement is dispositive of this appeal.

As the defendants' motion was directed to the complaint as a whole, the only facts appearing of record in the present case, prior to the filing of the motion to erase, are those appearing in the plaintiffs' writ, summons and complaint. The complaint alleged the following facts: On May 12, 1975, the commission issued to the defendant Dunn, with the defendant Miller as backer, an out-of-state shipper's permit, No. OSB-39, for the purpose of shipping beer into the state. On October 1, 1975, the commission issued a notice to Miller to show cause why the permit should not be revoked or suspended for refusing to supply Lowenbrau beer to the plaintiffs as wholesalers holding distributorships for that brand.[1] Thereafter, following a hearing on the charges noticed, the commission, finding that Miller had committed certain statutory violations; see General Statutes § 30-17; revoked its out-of-state shipper's permit. The plaintiffs were permitted to intervene in this proceeding, and in Miller's subsequent appeal to the Court of Common Pleas, which affirmed the decision of the commission.

On July 1, 1977, Miller, again opposed by the present plaintiffs as intervenors, moved to open the judgment of the Court of Common Pleas, which motion was denied on December 30, 1977. In the interim, however, in October, 1977, the commission

[1] For explanatory purposes, we note that in 1975 Miller became the successor to Hans Holterbosch, Inc., which had prior to that time been the exclusive distributor of Lowenbrau beer. The initial dispute between the present plaintiffs and Miller arose from Miller's post-acquisition refusal to sell Lowenbrau to several former Lowenbrau distributors, comprising the plaintiffs in this appeal.

had directed the parties to submit arguments regarding the power of the commission to rescind its revocation of Miller's permit and to substitute in lieu thereof a suspension and fine. The plaintiffs made a number of arguments in support of their position that the commission could not properly rescind its permit revocation order, which had been affirmed by the Court of Common Pleas and which was the subject matter of an appeal, pending at that time to this court. On March 20, 1978, after a full hearing, the commission, by memorandum of decision, accepted Miller's offer to pay a fine of $100,000, and rescinded its prior revocation of Miller's out-of-state shipper's permit. The basis of the commission's decision was its finding that there had been a material change of circumstances since the original action of the commission in revoking Miller's permit.

Upon the plaintiffs' appeal to the Superior Court, and the defendants' responsive motion to erase, the court determined that the plaintiffs had not alleged aggrievement in their appeal, nor had they alleged facts from which the court could determine a basis for a finding of aggrievement. See General Statutes § 4-183 (a). Furthermore, the court found that the plaintiffs did not fall within any of the classes of parties permitted to appeal from commission action under § 30-60 of the General Statutes and, accordingly, dismissed the plaintiffs' appeal. From the judgment rendered, the plaintiffs have pursued an appeal to this court.

The twin bases of the trial court's decision sustaining the defendants' motion to erase are clear: that the plaintiffs had a right to appeal neither under the appeals provision of the Liquor Control

Act, chapter 545 of the General Statutes, § 30-60, nor under the Uniform Administrative Procedure Act appeals provision, § 4-183 (a).[2] We agree.

In their complaint in the trial court, and before this court, the plaintiffs assign great significance to the fact that they were permitted to participate as intervenors in the administrative and judicial proceedings which have culminated in this appeal, suggesting that this somehow strengthens their claim of aggrievement in respect to the commission's acceptance of a fine from Miller in lieu of the permit revocation. Mere status, however, as a party or a participant in a hearing before an administrative agency does not in and of itself constitute aggrievement for the purposes of appellate review. *Beckish* v. *Manafort*, 175 Conn. 415, 419, 399 A.2d 834 (1978); *New Haven* v. *Public Utilities Commission*, 165 Conn. 687, 703-704, 345 A.2d 563 (1974).

We agree with the trial court on both of the bases of its decision. First, the plaintiffs do not fall within the categories of parties statutorily entitled to appeal commission action under § 30-60 of the Gen-

[2] The plaintiffs mounted a procedural argument—that the defendants' motion to erase was improperly being utilized to serve the office of a demurrer in attacking the legal sufficiency of the plaintiffs' cause of action—which was rejected by the court. The court's action was clearly correct. Failure to allege aggrievement, or facts from which a determination of aggrievement could be made, is a defect demonstrating "want of jurisdiction appear[ing] on the record"; Practice Book, 1963, § 94; not merely a pleading deficiency. A motion to erase properly filed does not involve niceties of pleading, but attacks the very power of the court to hear and determine the cause. In such circumstances, the defendants' jurisdictional attack was correctly premised upon their motion to erase. *Tuccio* v. *Zehrung*, 164 Conn. 231, 232, 319 A.2d 406 (1973); *Port Chester Electrical Construction Corporation* v. *Industrial Electrical Supply Co.*, 139 Conn. 16, 17, 89 A.2d 377 (1952).

eral Statutes.[3]  Second, we fail to discover in the plaintiffs' complaint or in the record any facts which contain even allegations of aggrievement satisfying the requirements of our cases defining the parameters of that burden, or any facts from which the court could have made a threshold determination that the plaintiffs were aggrieved by the commission's modification of its prior penalty in favor of a $100,000 fine against Miller.  We are not unaware that this appeal presents only one aspect of a multifaceted litigation battle wherein the plaintiffs seek to challenge the sale and distribution of malt liquor products manufactured by Miller in this state.[4]  It goes almost without saying that the plaintiffs had a great and demonstrable interest in the decision of the commission insofar as it determined that Miller had been culpable of statutory violations concerning its failure to deal with these plaintiffs.  It is also, however, patently evident that they have little, if any, interest in the penalty imposed by the commission on Miller.  In establishing that penalty the commission was acting to enforce the Liquor

[3] That section permits an appeal from commission action by the following parties:  (1) Any applicant for a permit or for the renewal of a permit for the manufacture or sale of alcoholic liquor whose application is refused; (2) any person whose permit is revoked or suspended by the commission; or (3) any ten residents who have filed a remonstrance pursuant to § 30-39 and who are aggrieved by the granting of a permit.  The limited exception to these categories, establishing aggrievement as a matter of law for "resident taxpayers" contesting the granting of a liquor license; see *Beards Appeal from County Commissioners*, 64 Conn. 526, 533, 30 A. 775 (1894); is inapposite:  nothing in the plaintiffs' complaint or in the record discloses that the plaintiffs are residents and taxpayers of any town wherein Miller has a permit.  See *Macaluso* v. *Zoning Board of Appeals*, 167 Conn. 596, 600, 356 A.2d 885 (1975); *Cowles* v. *Zoning Board of Appeals*, 153 Conn. 116, 117, 214 A.2d 361 (1965); *O'Connor* v. *Board of Zoning Appeals*, 140 Conn. 65, 72, 98 A.2d 515 (1953).

[4] See, e.g., *Hartford Distributors, Inc.* v. *Miller Brewing Co.*, No. H-78-290 (D. Conn. 1978).

Control Act for the benefit of the public and not for the economic advantage of the plaintiffs. In short, the plaintiffs have no legal interest, the impairment of which could be called "aggrievement," in attempting to apply the commission's penalty as a weapon against Miller.

It is well settled that the question of aggrievement is a jurisdictional one and that claims of aggrievement present an issue of fact for the determination of the trial court with the burden of proving aggrievement resting upon the plaintiffs who have alleged it. *Nader* v. *Altermatt,* 166 Conn. 43, 59, 347 A.2d 89 (1974). Pleading and proof of aggrievement were a prerequisite to the trial court's jurisdiction over the subject matter of the plaintiffs' appeal. *Walls* v. *Planning & Zoning Commission,* 176 Conn. 475, 476, 408 A.2d 252 (1979); *Fletcher* v. *Planning & Zoning Commission,* 158 Conn. 497, 501, 264 A.2d 566 (1969). No useful purpose would be served by reiterating the long-standing criterion which the plaintiffs must satisfy with respect to their burden on the issue of aggrievement. See, e.g., *Walls* v. *Planning & Zoning Commission,* supra; *Beckish* v. *Manafort,* supra; *Nader* v. *Altermatt,* supra; *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 700, 345 A.2d 563 (1974); *Sheridan* v. *Planning Board,* 159 Conn. 1, 13, 266 A.2d 396 (1969); *Hickey* v. *New London,* 153 Conn. 35, 38, 213 A.2d 308 (1965); Maltbie, Conn. App. Proc. § 273; Practice Book, 1978, § 3000. We conclude that the court did not err in dismissing the plaintiffs' appeal. See *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 472–73, 378 A.2d 547 (1977); *Schwartz* v. *Hamden,* 168 Conn. 8, 10, 357 A.2d 488 (1975); *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 484, 338 A.2d 497

(1973); *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393 (1972); *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348 (1971); *Goldstein* v. *Zoning Commission,* 157 Conn. 595, 253 A.2d 37 (1968).

There is no error.

In this opinion the other judges concurred.