[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The named defendant has filed a motion to dismiss the appeal on the ground that the plaintiff has failed to allege facts which, if proved would constitute aggrievement. While aggrievement is usually decided at the time of trial, whenever a claim of lack of subject matter jurisdiction is raised the court must consider the question before proceeding further with the appeal. Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30, 32. A motion to dismiss can be used to raise the question whether the appellant can prove aggrievement in an administrative appeal. Hartford Distributors, Inc. v. Liquor Control Commission, 177 Conn. 616, 620n. , 622; Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702.
The appeal states that the Commission concluded that the gathering of four of the five members of the plaintiff library Board was a meeting of a public agency as defined in section 1-18a of the General Statutes which violated the open meeting provisions of section 1-21 of the General Statutes, and that both statutes were violated by the convening of an executive session for an improper purpose. The appeal does not state how the plaintiff is aggrieved, but the Commission has attached to its brief on the motion to dismiss a copy of the Commission's order. The order states that "henceforth the respondent shall convene an executive session only for the specific purposes set forth in section 1-18a(e) of the General Statutes . . . and shall act in strict compliance with the open meeting provisions clearly set forth in section 1-21
of the General Statutes."
A comparable situation existed in Zoning Board of Appeals v. Freedom of Information Commission, 198 Conn. 498,501-503, where, as here, the Commission issued an order to the appellant that it "henceforth comply" with the applicable statutes including the provisions on executive sessions. Recognizing that section 1-21k(b) C.G.S. provides that the failure to comply with an order of the Commission is a class B misdemeanor, it was held that even though the Commission's order did not explicitly subject the appellant to a penalty or overturn its decision that the appellant was aggrieved. The motion to dismiss is denied.
ROBERT A. FULLER, JUDGE