[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from a final decision of the Freedom of Information Commission (FOIC), which decision granted in part and denied in part the appeal to that agency by the plaintiff.
The return of record discloses that on April 14, 1993, the plaintiff filed a letter of complaint with the FOIC. On July 28 and August 25, 1993, a hearing was conducted before a FOIC CT Page 5257-A hearing officer. On February 22, 1994, the FOIC published its final decision based on the report and proposed findings of the hearing officer.
The plaintiff's letter of complaint to the FOIC outlined several purported violations of the Freedom of Information Act (FOIA), G.S. § 1-7ff, with respect to meetings of the Windham First Taxing District (District). The plaintiff requested that the FOIC impose civil penalties on the District of these alleged violations. The final decision of the FOIC found that the District did breach the FOIA by failing to file a copy of the notice of a special meeting with their clerk and by conducting business at the meeting other than that specified in the notice, The FOIC rejected all of the plaintiff's other claims and declined to assess civil penalties.
On March 24, 1994, the plaintiff filed this appeal from those findings of no violation of the FOIA and the failure to impose penalties. A hearing before the court was scheduled for August 9, 1996, and on that date no one appeared and no evidence was presented. Apparently, the parties elected to rely on their CT Page 5257-B briefs to state their respective positions.
Under G.S. § 1-21i(d), only "aggrieved" persons may appeal from a final decision of the FOIC, Zoning Board of Appealsv. FOIC, 198 Conn. 489, 501 (1986). Mere status as a party or participant in a hearing before an administrative agency is insufficient to constitute aggrievement entitling that person to appeal from the agency's determination. Hartford Distributors v.Liquor Control Commission, 177 Conn. 616, 620 (1979). The appellant must plead and prove aggrievement. Kelly v. FOIC,221 Conn. 300, 309 (1992). Aggrievement is a question of fact to be proven before the trial court, and the plaintiff has the burden of proving that fact. Id.
The fundamental test for determining aggrievement is two-fold. First, the plaintiff must establish the existence of "a specific, personal, and legal interest" in the agency decision, distinguishable from a general interest held by members of the community at large; second, the plaintiff must demonstrate that this specific and personal legal interest "has been specially and injuriously affected" by the agency action. Rose v. FOIC,
CT Page 5257-C221 Conn. 217, 230 (1992); Zoning Board of Appeals v. FOIC, supra, 502.
A careful reading of the pro se plaintiff's complaint fails to disclose any allegations, as to the findings of the FOIC with which the plaintiff disagrees, that the plaintiff has any special interest in the FOIC decision beyond that of a concerned citizen in general. Moreover, because no evidence was introduced before the court, the plaintiff has failed to meet her burden of proving the existence of any specific, personal legal interest and injury to that special interest resulting from the agency's actions.I.R. Stich Associates, Inc. v. Town Council, 155 Conn. 1, 3
(1967).
The absence of proof of aggrievement deprives this court of the authority and jurisdiction to decide the plaintiff's appeal from the decision of the FOIC. Local 1303 and Local 1378 v. FOIC,191 Conn. 173, 175 (1983). Therefore, the plaintiff's appeal is dismissed.
Sferrazza, J. CT Page 5257-D