[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS
This is an administrative appeal by the plaintiff, Connecticut Attorneys Title Insurance Company ("CATIC"), commenced pursuant to General Statutes § 4-183, of a final decision issued by the Connecticut Department of Insurance ("the Department") on June 11, 1999. Presently before the court are motions to dismiss filed by the defendants, Kelsey Company ("Kelsey") on September 23, 1999, Charter Oak Title Company ("Charter Oak") on October 19, 1999, and Connecticut Insurance Department and Insurance Commissioner George M. Reider on October 22, 1999, on the ground that the court lacks subject matter jurisdiction. For the reasons CT Page 3213 set forth below, the motions to dismiss are granted.
The plaintiff's complaint sets forth the following relevant facts.[1] CATIC is a Connecticut title insurance company and authorized title insurer as defined by the Connecticut Title Insurance Act, General Statutes § 38a-402 (16). (Complaint, p. 2, ¶ 2.) On or about March 17, 1998, CATIC commenced a declaratory action with the Department seeking a determination as to whether General Statutes § 38a-402 (13), as amended by Public Act 1996, No. 96-163, prohibits partnerships and corporations, licensed before June 12, 1984 and having "grandfather" status as non-attorney title agents prior to the 1996 amendment, from performing "title agent" functions. (Complaint, p. 4, ¶ 9.) Subsection (13) of that statute, as amended, provides:
 "Title agent" or "agent" means any person authorized in writing, by a title insurer to (A) solicit title insurance business, (B) collect premiums, (C) determine the insurability of a risk in accordance with underwriting rules and standards prescribed by the title insurer or (D) issue policies of the title insurer. Title agent does not include officers or employees of a title insurer. No person may act as a title agent unless he is a commissioner of the Superior Court in good standing, except any individual who held a valid title insurance license on or before June 12, 1984.
The defendants Kelsey and Charter Oak participated in or were named parties to the underlying declaratory proceeding. (Amended Complaint, p. 3, ¶ 10(4).) Kelsey and Charter Oak are both Connecticut corporations holding valid title insurance licenses on or before June 12, 1984 and after the 1996 amendment to General Statute 38a-402 (13), continued to be authorized by one or more title insurers to engage in some or all of the activities enunciated in subsections (A) through (D) of § 38a-402 (13). (Complaint, p. 3, ¶ 6, 7.)
The department, through its insurance commissioner, determined that the current version of the statute prohibited partnerships and corporations, which were licensed before June 12, 1984 and had "grandfather" status as non-attorney title agents prior the 1996 amendment, from continuing to perform title agent functions unless such partnerships and corporations conduct title agent functions through commissioners of the Superior Court or through natural persons who were licensed before June 12, 1984 as non-attorney title agents. (Complaint, p. 4-5, ¶ 11.) CT Page 3214
On July 22, 1999, CATIC appealed from the Department's final decision to the Superior Court pursuant to the Uniform Administrative Procedure Act, General Statutes §§ 4-166 et seq. and 4-183. Thereafter, the defendants filed their respective motions to dismiss, asserting that the plaintiff's complaint is defective and should be dismissed for lack of jurisdiction because the plaintiff has failed to plead or allege "aggrievement" as required by General Statutes § 4-183. Subsection (a) of General Statutes § 4-183 provides the right to an administrative appeal to "a person who has exhausted all administrative remedies available within the agency and who isaggrieved by a final decision. . . ." (Emphasis added.)
"It is well established that the right to appeal an administrative action is created only by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction. . . ." (Citations omitted.) NewEngland Rehabilitation Hospital of Hartford. Inc. v. CHHC,226 Conn. 105, 120 (1993). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not compiled with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Raines v. Freedom of Information Commission,221 Conn. 482, 489-90 (1992).
"Accordingly, in order to have standing to bring an administrative appeal, a person or entity must be aggrieved. . . . Aggrievement is a question of fact for the trial court and the plaintiff has the burden of proving that fact. . . . Pleading and proof of facts that constitute aggrievement are essential prerequisite to the trial court's subject matter jurisdiction over an administrative appeal. . . . In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction. . . ." (Citations omitted; internal quotation marks omitted.) NewEngland Rehabilitation Hospital of Hartford. Inc. v. CHHC, supra,226 Conn. 120.
"The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of CT Page 3215 all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) New England Cable TelevisionAssn., Inc. v. DPUC, 247 Conn. 95, 103 (1998).
In their respective motions to dismiss, the defendants maintain that the plaintiff's complaint should be dismissed for lack of jurisdiction because the plaintiff has failed to allege "aggrievement". According to the defendants, CATIC's appeal lacks any mention of the word aggrievement nor does it contain any factual allegations from which aggrievement can be inferred. In opposition, the plaintiff contends that its complaint adequately sets forth the nature of its aggrievement, in that it is a title insurer doing business in Connecticut and challenging the Department's erroneous interpretation of General Statute 38a-402
(13).
Where the defendants challenge the plaintiff's aggrievement, the court must determine, first, "that the plaintiff alleges facts, which if proven, would constitute aggrievement as a matter of law, and second, that the plaintiff proves the truth of those factual allegations. . . . The mere statement that the [plaintiff] is aggrieved, without supporting allegations as the particular nature of the aggrievement, is insufficient. . . ." (Citations omitted.) Beckish v. Manafort, 175 Conn. 415, 419
(1978). Viewing the complaint in a light most favorable to the plaintiff, the court is unable to find even a mere statement that the plaintiff is aggrieved" let alone supporting allegations as to the nature of the aggrievement. While it is true that the plaintiff need not use the term "aggrievement" in its appeal,Local 1344 v. Connecticut State Board of Labor Relations,30 Conn. Sup. 259 (1973), the plaintiff must nevertheless plead facts in its complaint sufficient for the court to determine aggrievement as a matter of law. The plaintiff's complaint, viewed even in a light most favorable to it, lacks any allegation as to the specific, personal and legal interest in the subject matter of the Department's decision nor does it allege how its specific personal legal interest has been specially and injuriously affected by the Department's decision. The only interest that CATIC alleges in its complaint is contained in CT Page 3216 paragraph (2), wherein CATIC alleges that it was a designated party to the proceeding before the Department. Our Supreme Court, however, has long held that mere status as a party or a participant in a hearing before an administrative agency does not constitute aggrievement. Hartford Distributors. Inc. v. LiquorControl Commission, 177 Conn. 616, 620 (1979); New EnglandRehabilitation Hospital of Hartford v. CHHC, supra,226 Conn. 132-33. CATIC's bare allegations in its complaint that it is a title insurer doing business in Connecticut and challenging the Department's erroneous interpretation of the title agent statute is simply not enough to constitute aggrievement as a matter of law.
In its brief in opposition to the motion to dismiss, the plaintiff asserts that it is aggrieved by the Department's decision because it may face potential civil liability to third party claimants if it were to rely on amid conduct business through a person who is not legally authorized to act as a title agent. Unfortunately, the plaintiff has failed to plead the above allegation in its complaint, nor has the plaintiff plead any facts from which the court can infer this allegation. Pamela B.v. Ment, 244 Conn. 296, 308 (1998) ("In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader.")
Because the plaintiff has failed to plead aggrievement, the court is without subject matter jurisdiction to hear the plaintiff's case. See New England Cable Television Assn., Inc. v.DPUC, supra, 247 Conn. 103; New England Rehabilitation Hospitalof Hartford. Inc. v. CHHC, supra, 226 Conn. 120. Accordingly, the plaintiff's appeal is dismissed.[2]
Michael Hartmere, Judge