[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS AND MOTION TO CITE ADDITIONAL PARTIES
Pursuant to General Statutes §§ 1-206 (d) and 4-183, the plaintiff, Electrical Contractors, Inc., appeals from a final decision of the defendant, Freedom of Information Commission ("FOIC"), dated May 10, 2000, and issued May 18, 2000, ordering the Town of Hamden ("the Town") to disclose to IBEW Local 90 unredacted certified payroll records, prepared by the plaintiff pursuant to General Statutes § 31-53 (t). Presently before the court are a motion to dismiss filed by the defendant, Commissioner of Labor on July 14, 2000, on the ground that the court lacks subject matter jurisdiction and a motion to cite in additional parties filed by the plaintiff on July 5, 2000. For the reasons set forth below, the motion to dismiss is granted.
In May of 1999, the plaintiff an electrical contractor, was performing construction work for the Town of Hamden on a project known as the Wintergreen Elementary School project. Pursuant to General Statutes § 31-53 and the State Department of Labor, the plaintiff was required to submit to the Town certified payroll records, listing the names, addresses, social security numbers, wages and job classifications for all employees working on the Wintergreen Elementary School project.
Over the past years, a conflict has arisen between the plaintiff and the IBEW Local 90 ("the Union") regarding organization and wage rates. On several occasions in 1999, the Union contacted the Town requesting the certified payroll records on the Wintergreen project in order to determine whether prevailing wages had been paid by the plaintiff. In response, the plaintiff requested that the Town redact the names, addresses and social security numbers of its employees prior to disclosure to the Union. The plaintiff asserted the privacy interests of CT Page 11793 its employees based on the exemption set forth in General Statutes §1-210 (b)(2) of the Freedom of Information Act ("FOIA"), thefourth amendment to the United States Constitution and Article fist, § 7, of the constitution of Connecticut. On July 12, 1999, the Town provided the Union with the certified payroll records deleting the names, addresses and social security numbers of the plaintiff's employees.
On December 22, 1999, the Union brought a complaint to the FOIC alleging that the Town violated FOIA in redacting the employee names, addresses and social security numbers from the certified payroll records. The plaintiff intervened in the proceeding on January 25, 2000, and Commissioner of Labor intervened on February 18, 2000. At the hearing before the FOIC, the plaintiff presented eight letters[1] from its employees objecting to the release of their names, addresses and social security numbers to the Union. The employees raised general privacy objections and also mentioned that the Union had contacted them in the past when their names were disclosed. The plaintiff argued that there was a possibility of harassment by the Union.
On May 10, 2000, the FOIC issued its final decision concluding that the Union was entitled to obtain the payroll materials, including the names and addresses of employees of the plaintiff, as these were public records. This appeal to the Superior Court followed.[2] Thereafter, the plaintiff filed a motion to cite in additional parties and the defendant filed its motion to dismiss, asserting that the plaintiff's complaint should be dismissed for lack of jurisdiction because the plaintiff is not "aggrieved" as required by General Statutes § 4-183.
Subsection (a) of General Statutes § 4-183 provides the right to an administrative appeal to "a person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision. . . ." (Emphasis added.) "It is well established that the right to appeal an administrative action is created on y by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction. . . ." (Citations omitted.) New EnglandRehabilitation Hospital of Hartford, Inc. v. CHHC, 226 Conn. 105, 120
(1993). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created; . . . Such provisions are mandatory, and, if not compiled with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Raines v. Freedom of Information Commission, 221 Conn. 482,489-90 (1992).
"Accordingly, in order to have standing to bring an administrative appeal, a person or entity must be aggrieved. . . . Aggrievement is a question of fact for the trial court and the plaintiff has the burden of CT Page 11794 proving that fact. . . . Pleading and proof of facts that constitute aggrievement are essential prerequisite to the trial court's subject matter jurisdiction over an administrative appeal. . . . In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction. (Citations omitted; internal quotation marks omitted.) New England Rehabilitation Hospital of Hartford, Inc. v. CHHC,
supra, 226 Conn. 120.
Because the defendant's motion to dismiss challenges the subject matter jurisdiction of the court to hear and determine the case, the court must decide the motion to dismiss prior to ruling on the plaintiff's motion to cite in additional parties. Sadloski v. Manchester, 228 Conn. 79, 84
(1993); Cannata v. Department of Environmental Protection, 239 Conn. 124,144 n. 17 (1996).
"The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) New England Cable Television Assn., Inc. v. DPUC,247 Conn. 95, 103 (1998).
In the present case, the plaintiff is not, as the parties agree, aggrieved merely by its intervenor status at the FOIC. Med-Trans ofConn., Inc. v. Dept. of Public Health Addiction Services, 242 Conn. 152,169 (1997); See also Hartford Distributors, Inc. v. Liquor ControlCommission, 177 Conn. 616, 620 (1979); New England RehabilitationHospital of Hartford v. CHHC, 226 Conn. 105, 132-33 (1993). Nor can the plaintiff be compared to the Town, which might claim aggrievement because the Town or its officers may be subject to criminal penalties for failure to comply with FOIA laws. State Library v. FOIC, 240 Conn. 824, 834
(1997).
Finally, the plaintiff cannot claim representational standing on behalf of its employees. Cf. Connecticut Association of Not-For-Profit ProvidersFor the Aging v. Department of Social Services, 244 Conn. 378 (1998);Connecticut Associated Builders and Contractors v. Anson, 251 Conn. 202
(1999). Such cases allow representational standing by associations on behalf of their members under certain circumstances. This is not the CT Page 11795 situation where a corporation alleges that the corporation is seeking to protect the privacy rights of its employees. In Superintendent of Policev. FOIC, 222 Conn. 621, 630 (1992), the Supreme Court specifically rejected an attempt of a party to "assert the . . . rights of another" as the plaintiff intends here.
The plaintiff focuses on the classical aggrievement test, which requires both a direct interest in the subject matter and an injury in fact. New England Cable Television Assn., Inc. v. DPUC, supra,247 Conn. 103; Bakelaar v. West Haven, 193 Conn. 59, 65 (1984). The plaintiff alleges that the two-fold test is satisfied because the plaintiff must assure, under criminal penalties, that the wage information supplied to the Town is correct, § 31-53 (t), and must guard against the unauthorized release of this data to third parties, § 31-128f.
While it is true that the plaintiff must comply with the state law, this does not give the plaintiff a direct interest in prohibiting the disclosure of certified payroll records. According to § 31-53 (t), these documents are public records and under § 31-128f, the employer's duty is relaxed if disclosure is required by state law. The plaintiff, therefore, does not have a "personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole." (Citations omitted; internal quotation marks omitted.) NortheastParking, Inc. v. Planning Zoning Commission, 47 Conn. App. 284, 288
(1997).[3] The plaintiff's employees or the Town would have satisfied the test for classical aggrievement, but not the plaintiff, a corporate employer.
There are cases which deny disclosure of certified payroll records to a union. In the federal court, the Second Circuit has rejected such a request under the federal FOIA. See Hopkins v. US. Dept. of Housing Urban Dev., 929 F.2d 81 (2d Cir. 1991). These cases are readily distinguishable. Hopkins, for example, did not need to discuss standing, since the case was initiated by the union. The district court granted summary judgment in favor of the government, holding that the federal FOIA provided an exemption for the government for such requests. This and other cases arising in a different context under different laws do not support the plaintiff's aggrievement argument.
The motion to dismiss is therefore granted. Since the case is dismissed, the court will not rule on the plaintiff's motion to add parties.
Henry S. Cohn, Judge CT Page 11796