[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The plaintiff, Robert Fink, appeals from the decision of the defendant, Department of Consumer Protection, Liquor Control Division (the department), on a motion to reconsider the granting of a liquor permit to defendant Stew Leonard's Vineyards of Norwalk, LLC. Defendant Stew Leonard's initially moved to dismiss, primarily on the ground that the plaintiff lacked authority to appeal. The department later moved to dismiss on the ground that the appeal was not timely. For the following reasons, the court grants both motions.
 I
The right to appeal an administrative decision is created only by statute and a party must exercise that right in strict compliance with the statute in order for the court to have jurisdiction See New EnglandRehabilitation Hospital of Hartford v. Commission of Hospitals and HealthCare, Inc. 226 Conn. 105, 120, 627 A.2d 1257 (1993); Simko v. ZoningBoard of Appeals, 205 Conn. 413, 419, 533 A.2d 879 (1987). General Statutes § 30-60 governs appeals from decisions of the department granting or denying a liquor permit. The pertinent part of § 30-60
provides as follows:
 Any applicant for a permit or for the renewal of a permit for the manufacture or sale of alcoholic liquor whose application is refused or any permittee whose permit is revoked or suspended by the Department of Consumer Protection or any ten residents who have filed a remonstrance pursuant to the provisions of CT Page 14891 section 30-39 and who are aggrieved by the granting of a permit by the department may appeal therefrom in accordance with section 4-183.[1]
In this case, the plaintiff was neither an "applicant for a permit" or a "permittee whose permit is revoked or suspended," leaving "ten residents who have filed a remonstrance" as the only possible statutory category into which the plaintiff might fit. The record does establish that the plaintiff was one of thirteen Norwalk residents who filed a remonstrance with the department pursuant to General Statutes § 30-39
objecting to the granting of a liquor sale permit to Stew Leonard's. (Return of Record [ROR], Item 3.)[2] On appeal, however, the plaintiff is by himself. The complaint (entitled "Appeal") and the summons reveal that Robert Fink is the sole plaintiff and that none of the other twelve original remonstrants have joined him. Because the "ten residents who have filed a remonstrance pursuant to the provisions of section 30-39," General Statutes § 30-60, have not appealed, there is no authority to appeal, unless some other exception applies.
At the hearing on the first motion to dismiss, the court raised the question of whether a "resident taxpayer" exception to the statute applied. The resident taxpayer exception has its strongest support inHartford Distributors, Inc. v. Liquor Control Commission, 177 Conn. 616,621 n. 3, 419 A.2d 346 (1979). There, the Supreme Court stated that in addition to the three categories of persons entitled to appeal by §30-60, there was a "limited exception to these categories, establishing aggrievement as a matter of law for "resident taxpayers' contesting the granting of a liquor license Id. This statement was dictum, however, because the court then noted that "nothing in the plaintiff's complaint or in the record discloses that plaintiffs are residents and taxpayers of any town wherein Miller [Brewing Company] has a permit." Id. The fact that the Supreme Court's reference to the resident taxpayer exception was dictum and a departure from the rule, stated above, that administrative appeals are governed by statute has sparked lively debate among superior court judges over the existence of the resident taxpayer exception. Compare Loulis v. Liquor Control Commission, Superior Court, judicial district of Fairfield, Docket No. 320627 (July 8, 1997 Levin, J.)
(recognizing the exception) with Seaquist v. Liquor Control Commission,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0566661 (April 14, 1997 Maloney, J.) (finding no exception). The department, to whose position the court gives some deference, seeMacDermid, Inc. v. Department of Environmental Protection, 257 Conn. 128,137 (2001), takes the position that there is a resident taxpayer exception to the statute.
This court need not resolve the issue because here, as in HartfordCT Page 14892Distributors, "nothing in the plaintiffs' complaint or in the record discloses the plaintiff [is a] resident and taxpayer of [Norwalk]."Hartford Distributors, Inc. v. Liquor Control Commission, supra,177 Conn. 621 n. 3. In the original complaint, the plaintiff did not plead that he is a resident taxpayer. Indeed, other than stating the simple fact that the plaintiff and others filed a remonstrance to the liquor permit application, the complaint contains no allegations at all concerning how the plaintiff is aggrieved by the agency's decision. This default alone is fatal because "[p]leading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal." New EnglandRehabilitation Hospital of Hartford v. Commission of Hospitals and HealthCare, Inc., supra, 226 Conn. 120.
After the hearing on the first motion to dismiss, the court ordered the department, and permitted the other parties, to file a brief by October 1, 2001 on the validity of the resident taxpayer exception. On October 4, 2001, the plaintiff filed a request for leave to amend the complaint to add an allegation that he is a resident taxpayer. The plaintiff's request to add an essential jurisdictional allegation to his complaint comes well after the forty-five day period for filing the administrative appeal which, as explained below, expired on May 14, 2001, and after the October 1, 2001 deadline that the court imposed for submitting additional materials on this issue. In any event, the court has no authority to consider the request to amend while the motion to dismiss is pending. SeeGurliacci v. Mayer, 218 Conn. 531, 545, 590 A.2d 914 (1991). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one step further in the cause; as any movement is necessarily the exercise of jurisdiction. " (Internal quotation marks omitted). Federal Deposit Insurance Corporation v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996). For these reasons the court denies the request for leave to amend the complaint.
In addition, the record does not establish that the plaintiff is a taxpayer. To be sure, at the hearing on the motion to dismiss, when the court raised this issue, plaintiff's counsel represented that the plaintiff was a resident taxpayer and counsel for defendant Stew Leonard's did not significantly dispute the representation. But, upon review of the record, the court is not satisfied that the plaintiff has established that he falls within the exception. The most that can be said is that the remonstrance lists the plaintiff with a Norwalk address. (ROR, Item 3.) When the plaintiff testified at the hearing on the motion to reconsider, he stated that he formerly owned a liquor store in Norwalk, but no longer did. (ROR, Item 33, pp. 60-61, 70-71.) This evidence does not establish that the plaintiff currently pays taxes to Norwalk. The plaintiff had CT Page 14893 ample opportunity to supplement the record, but did not. The court concludes that here, as in Hartford Distributors, neither the pleadings nor the record disclose that the plaintiff is a resident taxpayer.
 II
General Statutes § 4-183 (c) requires an appealing party both to serve and to file an administrative appeal "[w]ithin forty-five days after mailing of the final decision . . . See Glastonbury VolunteerAmbulance Association, Inc. v. Freedom of Information Commission,227 Conn. 848, 633 A.2d 305 (1993). This time limit is jurisdictional and mandatory. See Cassella v. Department of Liquor Control, 30 Conn. App. 738,740, 622 A.2d 1018, cert. denied, 226 Conn. 909, 628 A.2d 983 (1993). Affidavits submitted by the department, which are undisputed, establish that the department probably mailed the decision on the motion to reconsider on March 27, 2001 and that the plaintiff received it on March 30, 2001. Even if one construes the facts favorably to the plaintiff and counts from March 30, the plaintiff's appeal would have been due no later than May 14, 2001, which was a Monday. The file reveals that the plaintiff filed his appeal on May 16, 2001. Accordingly, the plaintiff did not file this appeal within the mandatory time period for doing so.
 III
The motions to dismiss are granted.
Carl J. Schuman Judge, Superior Court